684

Detchon v. McSorley, 301 Pa. 493, 152 A. 689 (1930); Perry v. Spellman, 194 Pa.Super. 555, 168 A.2d 615 (1961)."

See also Aber v. Pennsylvania Company for Insurance, 269 Pa. 384, 112 A. 444 (1920); Clark v. Battaglia, 47 Pa.Super. 290 (1911).

Neither side comes to grips on the question as to whether Pennsylvania or New York law governs the Gumberg-Walworth agreement. The governing legal principles are sound, current general law and followed both in Pennsylvania and in New York. See Rainier v. Champion Container Co., 294 F.2d 96 (3 Cir. 1961) which had a quite similar factual situation involving an admittedly New York contract and upheld substantially the same result as here. While Rainier dealt with New York law, it is cited for that very point in Levicoff v. Richard I. Rubin and Co., 413 Pa. 134, 139, 196 A.2d 359 (1964).

The judgment of the district court will be affirmed.

Ernest James Castro, pro se.

James R. Gough, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., William B. Butler, Asst. U. S. Atty., Houston, Tex., for appellee.

Before BROWN and GEWIN, Circuit Judges, and KILKENNY,* District Judge.

**Ernest James CASTRO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 21895.

United States Court of Appeals Fifth Circuit.

June 8, 1965.

PER CURIAM.

 Appellant was convicted of contempt for refusing to testify before a federal grand jury, although granted immunity from prosecution in the federal and state courts under Title 18 U.S.C.A. 1406. His petition for habeas corpus, which was treated by the district court as a motion to vacate sentence under Title 28 U.S.C.A. 2255, was denied, and he appeals. His privilege against self-incrimination under the Fifth Amendment was not violated. The privilege falls in the face of the immunity statute, which is constitutional. Reina v. United States,

* Of the District of Oregon, sitting by designation.

364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960); Piemonte v. United States, 367 U.S. 556, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961); cf. Murphy v. Waterfront Comm., 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). The recent case of Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, relied upon by appellant, is inapposite. It was concerned with a state prosecution and did not involve a promise of immunity.

The judgment is affirmed.

---

**Julia SCHATZ, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 519, Docket 29737.**

United States Court of Appeals
Second Circuit.

Argued May 27, 1965.

Decided May 27, 1965.

---

J. Stanley Shaw, New York City, for appellant.

Barry M. Bloom, Asst. U. S. Atty., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y., on the brief), for appellee.

Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

We affirm in open court the judgment of the District Court for the Eastern District of New York which affirmed an administrative order denying the appellant widow's insurance benefits under the Social Security Act. This appeal is governed by Nott v. Flemming, 272 F.2d 380 (2 Cir. 1959), to which we adhere.

---

**UNITED STATES of America, Appellee,**

v.

**Leo Franklin FORESTER, Appellant.**

**No. 9753.**

United States Court of Appeals
Fourth Circuit.

Argued May 7, 1965.

Decided May 20, 1965.

